WISCONSIN AND MICHIGAN RAILWAY CO. *v.* POWERS.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE EASTERN DISTRICT OF MICHIGAN.

No. 77. Submitted November 13, 1903.—Decided November 30, 1903.

A provision in a general tax law that railroads thereafter building and op-
erating a road north of a certain parallel shall be exempted from the tax
for ten years, unless the gross earnings shall exceed a certain sum, is not
addressed as a covenant to such railroads and does not constitute a con-
tract with them, the obligations of which cannot be impaired consistently
with the Constitution of the United States.

THE facts are stated in the opinion of the court.

*Mr. Jesse B. Barton* for appellant:

Under the constitution of the State of Michigan the Legis-
lature has at all times had the power to exempt from taxation.
This was expressly held by the Supreme Court of the State of
Michigan in *Board of Supervisors of Chippewa* v. *Auditor Gen-
eral*, 65 Michigan, 408. The law which is attacked in this case
was before the Supreme Court of the State of Michigan in the
case of *Manistee & N. E. R. R. Co.* v. *Comrs. of R. R.*, 118 Michi-
gan, 349, in which it was attacked solely on the ground that it
was a violation of the Constitutions of the United States and of
the State of Michigan, prohibiting the passage of laws impair-
ing the obligations of contracts; and while that court in
that case held that the exemption was only a bounty and that
it was, therefore, subject to repeal, it held that the exemption
was good and that the right to it was vested until repealed and
that the company was exempted from taxation until the act
went into effect.

Section three of article three of an act to revise "An act to
revise the laws providing for the incorporations of railroad
companies and to regulate the running and management and
to fix the duties and liabilities of all railroad and other corpo-

rations owning or operating any railroad in this State," as amended by the act of 1897, is in violation of the Constitution and laws of the United States relating to commerce.

The act of 1897, if it repeals the act of 1893 so as to take away the right of exemption provided·in the act of 1893, is in violation of the Federal and state constitutions prohibiting the impairment of the obligation of contracts.· *Binghamton Bridge case,* 3 Wall. 51, 74; *Salt Co.* v. *East Saginaw,* 13 Wall. 377; *Grand Lodge case,* 166 U. S. 143; Morawetz on Private Corporations, 2d ed. § 318; *Humphrey* v. *Pegues,* 16 Wall. 249; *E. T. V. G. R. Co.* v. *Pickerd,* 24 Fed. Rep. 614; *Bergman* v. *Building Association,* 29 Minnesota, 275; *Piqua* v. *Knoop,* 16 How. 376; *Corvin* v. *Board of Commissioners,* 1 McCrary, 521; *City Ry. Co.* v. *Citizen's R. R. Co.,* 166 U. S. 557; *Wellman* v. *C. & G. T. Ry. Co.,* 83 Michigan, 600; *Travers* v. *St. P. M. & N. Ry. Co.,* 76 N. W. Rep. 217.

The law of 1897 did not repeal the law of 1893 so as to take away from railroad corporations which had constructed their lines north of the forty-fourth parallel subsequent to the passage of the act of 1893 the right of exemption from taxation of the same for the period of ten years after construction when the gross earnings did not exceed $4,000 per mile. · *Com.* v. *P. & E. R. R.,* 164 Pa. St. 252–261; *Detroit Street Ry. Co.* v. *Guthard,* 16 N. W. Rep. 328; *C. & O. R. R. Co.* v. *Miller,* 114 U. S. 176; *Travers County* v. *St. P. M. & N. Ry. Co.,* 76 N. W. Rep. 217; *Colton* v. *Montpelier,* 71 Vermont, 413; *Binghamton Bridge case,* 3 Wall. 51, 74; Sutherland on Statutory Construction, § 481; Endlich on Interpretation of Statutes, §§ 271 *et seq.*

*Mr. Charles A. Blair,* Attorney General of the State of Michigan, and *Mr. Roger Irving Wykes* for appellee:

The act of 1897 operated as a repeal of the act of 1893. *Manistee &c. R. R. Co.* v. *Commissioners,* 118 Michigan, 349; *Northern Central* v. *Maryland,* 187 U. S. 261; *Gulf &c. Ry. Co.* v. *Hewes,* 183 U. S. 66. The State had power to repeal the act of 1893.

In considering whether a State has contracted away its sovereign powers, nothing is to be taken against the State by intendment.

The right of taxation is a sovereign right, inherent in every sovereignty whose existence and exercise are essential to the existence and continuance of government, and although in certain instances it may be granted away, every presumption is against the grant, which is not to be extended beyond what is actually expressed. The exemption must be clearly made out, and doubt is fatal to the claim. *Providence Bank* v. *Billings,* 4 Peters, 561; *Gilman* v. *Sheboygan,* 67 U. S. 510; *Ohio L. Ins. & T. Co.* v. *Debolt,* 57 U. S. 435; *Railroad Co.* v. *Maryland,* 10 How. 393; *Bank* v. *Skelley,* 1 Black, 447; *Railroad Tax,* 18 Wall. 225; *Railroad Co.* v. *Loftin,* 98 U. S. 559; *Newton* v. *Board of County Commissioners,* 100 U. S. 561; *Vicksburg, etc., R. Co.* v. *Dennis,* 116 U. S. 665; *Southwestern R. R. Co.* v. *Wright,* 116 U. S. 231; *Erie R. Co.* v. *Pennsylvania,* 21 Wall. 492, 499; *Memphis Gaslight Co.* v. *Shelby Taxing Dist.,* 109 U. S. 39, 401; *Yazoo, etc., R. Co.* v. *Thomas,* 132 U. S. 174, 185.

The grant of exemption was a mere gratuity—a bounty— and had not the elements of, and cannot be construed as, a contract. The essential element of a binding contract, viz., a consideration, is wanting. *East Saginaw Mfg. Co.* v. *City of East Saginaw,* 19 Michigan, 259; 2 Am. Rep. 82; *Welch* v. *Cook,* 97 U. S. 541; *Tucker* v. *Ferguson,* 22 Wall. 527; *Grand Lodge &c.* v. *New Orleans,* 166 U. S. 143; *West Wisconsin R. Co.* v. *Supervisors,* 93 U. S. 595; 118 Michigan, 350; *Christ Church* v. *Philadelphia,* 24 How. 300; *Salt Co.* v. *East Saginaw,* 13 Wall. 377, 379.

The constitution of the State, and the general railroad law of 1873 reserved the right of repeal and alteration and this right has been sustained by the courts. *Detroit* v. *Detroit &c. Road Co.,* 43 Michigan, 140, 147; *Detroit St. Ry.* v. *Guthard,* 51 Michigan, 180, 182; *Detroit* v. *Railway,* 76 Michigan, 421, 426; *Mason* v. *Perkins,* 73 Michigan, 303, 318; *Bissell* v. *Heath,* 98 Michigan, 472, 478; *Attorney General* v. *Looker,* 111 Michigan,

498, affirmed 179 U. S. 46; *Smith* v. *Lake Shore & M. S. Ry. Co.,* 114 Michigan, 460, 472.

The construction by the Supreme Court of Michigan of the authority of the legislature under the reserved right to alter, amend or repeal corporate charters, contained in the state constitution, is final and conclusive, and will be followed by the Federal courts. *Luther* v. *Borden,* 7 How. 40; *Bucher* v. *Cheshire R. Co.,* 125 U. S. 555; *Pittsburg, etc., R. Co.* v. *Backus,* 154 U. S. 421; *McElvaine* v. *Brush,* 142 U. S. 155; *Miller's Exrs.* v. *Swann,* 150 U. S. 132.

There are numerous Federal cases upholding the right of a State to alter or amend a corporate charter where the right so to do is reserved in the Constitution, a prior general law, or the act of incorporation.

The insertion of a clause reserving the right to alter, amend or repeal, indicates that such practice grew from a suggestion contained in the opinion of Mr. Justice Story in the *Dartmouth College case,* 4 Wheat. 712, to the effect that corporations and corporate charters might by such reservation be kept under control. *Tomlinson* v. *Jessup,* 15 Wall. 454, is a case on all fours with this.

Where such right is reserved, the charter and all rights and privileges held thereunder are subject to legislative control, and may be repealed or taken away at the will of that body and the sole limitation upon the authority of the legislature, is that vested rights which can be held independently of the charter or the charter contract, cannot be interfered with. An exemption from taxation is not a vested right, and may be taken away or altered where the right to alter, amend or repeal is reserved. *Spring Valley Waterworks* v. *Schottler,* 110 U. S. 352; *Hoge* v. *Railway Co.,* 99 U. S. 349; *Greenwood* v. *Freight Co.,* 105 U. S. 13; *Railroad Co.* v. *Maine,* 96 U. S. 499; *Louisville Water Co.* v. *Clark,* 143 U. S. 1; *Sinking Fund Cases,* 99 U. S. 700; *Pearsall* v. *Grand Northern Ry.,* 161 U. S. 663; *Covington* v. *Kentucky,* 173 U. S. 232; *Citizens' Savings Bank* v. *Owensboro,* 173 U. S. 636; *United States* v. *Union Pacific Ry.,*

160 U. S. 37, and cases cited; *Miller* v. *State*, 82 U. S. 478, 499; *Holyoke Co.* v. *Lyman*, 82 U. S. 500; *Pennsylvania College Cases*, 80 U. S. 190; *Union Passenger Railway Co.* v. *Philadelphia*, 101 U. S. 528.

The right of repeal, alteration and amendment, reserved in fundamental law, is applicable to, and gives right to withdraw, exemptions from taxation contained in acts of incorporation. *Attorney General* v. *Preston*, 56 Michigan, 177; *Nelson* v. *Mc-Arthur*, 38 Michigan, 204; *Smith* v. *Railway Co.*, 114 Michigan, 472; *Randall* v. *Schweikert*, 115 Michigan, 386; *Mason* v. *Perkins*, 73 Michigan, 320; *Northern Central* v. *Maryland*, 90 Maryland, 447; *S. C.*, 187 U. S. 269.

Immunity from taxation is not a property right. *Citizens' Savings Bank* v. *Owensboro*, 173 U. S. 652, nor is it a franchise, *Morgan* v. *Louisiana*, 93 U. S. 221, but the exemption from taxation is a mere privilege, *Wilson* v. *Gaines*, 103 U. S. 417; *Detroit Street Railway* v. *Guthard*, 51 Michigan, 180; *St. Louis & San Francisco Railway Co.* v. *Gill*, 156 U. S. 649, which does not inhere in the property. *Chesapeake & Ohio Railway* v. *Miller*, 114 U. S. 176, 184; *Louisville Water Co.* v. *Clark*, 143 U. S. 1; *Covington* v. *Kentucky*, 173 U. S. 231, 238.

It is questionable as to whether the Michigan legislature has authority to create an inviolable contract to exempt corporations from taxation. *Walcott* v. *People*, 17 Michigan, 68.

Section 3 of article III of the general railroad law does not violate the commerce clause of the Federal Constitution.

If the tax is not on the interstate receipts, the mode of determining the amount of such tax is immaterial, and the validity of the law fixing them is a matter of legislative policy and discretion, and is not open to criticism by the courts. *Home Insurance Co.* v. *New York*, 134 U. S. 594, 600; *Maine* v. *Grand Trunk Railway Co.*, 142 U. S. 217, 228; *W. U. Tel. Co.* v. *Massachusetts*, 125 U. S. 530; *Pullman P. Co.* v. *Pennsylvania*, 141 U. S. 18; *Pittsburgh &c. R. Co.* v. *Backus*, 154 U. S. 421; *W. U. Tel. Co.* v. *Taggart*, 163 U. S. 1; *Adams Ex. Co.* v. *Ohio*, 165 U. S. 194.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an appeal from a decree of the United States Circuit Court dismissing the plaintiff's bill on demurrer. The bill seeks to enjoin the auditor general of the State of Michigan from collecting a tax, on the ground that the law imposing the tax is contrary to the Constitution of the United States as impairing the obligation of contracts and interfering with interstate commerce.

The alleged contract is contained in a law of May 27, 1893, § 3, which, after levying a specific tax on railroads, provided "that the rate of taxation fixed by this act or any other law of this State shall not apply to any railway or railroad company hereafter building and operating a line of railroad within this State north of parallel forty-four of latitude until the same has been operated for the full period of ten years, unless the gross earnings shall equal four thousand dollars per mile, except," etc. Afterwards, on October 23, 1893, the Menominee and Northern Railroad Company was incorporated under the laws of the State, and forthwith conveyed all its property, rights and franchises to the plaintiff, a Wisconsin corporation, which is assumed to stand in the shoes of the Michigan company. The plaintiff thereupon constructed the road. This road is north of parallel forty-four, its gross earnings never have been equal to four thousand dollars per mile, and it would be entitled to the exemptions just stated if the law of 1893 still were in force. But on June 4, 1897, the State passed a law amending the act of 1893, and levying a "specific tax upon the property and business of [every] railroad corporation operated within the State," and enacted that "when the railroad lies partly within and partly without this State, *prima facie*, the gross income of said company from such road for the purposes of taxation shall be on the actual earnings of the road in Michigan, computed by adding to the income derived from the business transacted by said company entirely within this State, such proportion of the income of said company arising from the

interstate business as the length of the road over which said interstate business is carried in this State bears to the entire length of the road over which said interstate business is carried." This is the law which the plaintiff says is unconstitutional for the reasons above set forth.

The demurrer to the bill was sustained on the ground that the act of 1893 made no valid contract of exemption from taxation, and that the act of 1897, repealing the exemption granted in 1893, was a constitutional law.

The plaintiff makes a supplemental alternative argument that the later statute should not be construed to repeal the act of 1893 with regard to roads in the plaintiff's position. If that were so the plaintiff would have no standing in this court. But the repeal is plain from the express words at the end of the section quoted from the act of 1897, repealing all acts or parts of acts contravening the provisions of that section, from the fact that it is an amendment of the section quoted from the act of 1893, and from the case of *Manistee & Northeastern Railroad Co.* v. *Commissioner of Railroads,* 118 Michigan, 349, 350. See also *Welch* v. *Cook,* 97 U. S. 541. On that question we follow the state court. *Northern Central Railway Co.* v. *Maryland,* 187 U. S. 258, 267.

The first and main question, then, is whether the act of 1893 purported to make an irrevocable contract with such railroad as might thereafter comply with its terms. The question is pretty well answered by a series of decisions in this court. A distinction between an exemption from taxation contained in a special charter and general encouragement to all persons to engage in a certain class of enterprise, is pointed out in *East Saginaw Manfg. Co.* v. *East Saginaw,* 13 Wall. 373, ("*Salt Co.* v. *East Saginaw*"); S. C., 19 Michigan, 259. In earlier and later cases it was mentioned that there was no counter-obligation, service, or detriment incurred, that properly could be regarded as a consideration for the supposed contract. *Rector, etc., of Christ Church* v. *Philadelphia County,* 24 How. 300; *Tucker* v. *Ferguson,* 22 Wall. 527; *Grand Lodge, etc., of Louisiana*

v. *New Orleans*, 166 U. S. 143. See *Tomlinson* v. *Jessup*, 15 Wall. 454, 459. But whatever the ground, thus far attempts like the present to make a contract out of the clauses in a scheme of taxation which happen to benefit certain parties have failed. See further, *Welch* v. *Cook*, 97 U. S. 541, and *Manistee & Northeastern Railroad Co.* v. *Commissioner of Railroads*, 118 Michigan, 349, in which the state court deals with this very act.

It may be that a State, by sufficient words, might bind itself without consideration, as a private individual may bind himself by recognizance or by affixing a seal. A State might abolish the requirement of consideration altogether for simple contracts by private persons, and, it may be that it equally might dispense with the requirement for itself. But the presence or absence of consideration is an aid to construction in doubtful cases—a circumstance to take into account in determining whether the State has purported to bind itself irrevocably or merely has used words of prophecy, encouragement or bounty, holding out a hope but not amounting to a covenant.

In the case at bar, of course the building and operating of the railroad was a sufficient detriment or change of position to constitute a consideration if the other elements were present. But the other elements are that the promise and the detriment are the conventional inducements each for the other. No matter what the actual motive may have been, by the express or implied terms of the supposed contract, the promise and the consideration must purport to be the motive each for the other, in whole or at least in part. It is not enough that the promise induces the detriment or that the detriment induces the promise if the other half is wanting. If we are to deal with this proviso in a general tax law as we should deal with an alleged simple contract, while no doubt in some cases between private persons the above distinctions have not been kept very sharply in mind, *Martin* v. *Meles*, 179 Massachusetts, 114, 117, it is clear that we should require an adequate ex-

pression of an actual intent on the part of the State to set change of position against promise before we hold that it has parted with a great attribute of sovereignty beyond the right of change. See *Vicksburg, Shreveport & Pacific Railroad* v. *Dennis*, 116 U. S. 665, 668. Looking at the case in this way, then, we find no such adequate expression. No doubt the State expected to encourage railroad building, and the railroad builders expected the encouragement, but the two things are not set against each other in terms of bargain. See *Covington* v. *Kentucky*, 173 U. S. 231, 238, 239.

But this is a somewhat narrow and technical mode of discussion for the decision of an alleged constitutional right. The broad ground in a case like this is that, in view of the subject matter, the legislature is not making promises, but framing a scheme of public revenue and public improvement. In announcing its policy and providing for carrying it out it may open a chance for benefits to those who comply with its conditions, but it does not address them, and therefor it makes no promise to them. It simply indicates a course of conduct to be pursued, until circumstances or its views of policy change. It would be quite intolerable if parties not expressly addressed were to be allowed to set up a contract on the strength of their interest in and action on the faith of a statute, merely because their interest was obvious and their action likely, on the face of the law. What we have said is enough to show that in our opinion the plaintiff never had a contract, and therefore makes it unnecessary to consider the usual power to alter, amend or repeal charters, etc., contained in the constitution of Michigan, *Tomlinson* v. *Jessup*, 15 Wall. 454; *Covington* v. *Kentucky*, 173 U. S. 231; *Citizens' Savings Bank* v. *Owensboro*, 173 U. S. 636, or a similar power in the general railroad law of 1873, of which the above acts of 1893 and 1897 were amendments through intervening amending acts:

We need say but a word in answer to the suggestion that the tax is an unconstitutional interference with interstate commerce. In form the tax is a tax on "the property and busi-

ness of such railroad corporation operated within the State," computed upon certain percentages of gross income. The *prima facie* measure of the plaintiff's gross income is substantially that which was approved in *Maine* v. *Grand Trunk Railway Co.*, 142 U. S. 217, 228. See also *Western Union Telegraph Co.* v. *Taggart*, 163 U. S. 1.

*Decree affirmed.*

MR. JUSTICE WHITE, not having heard the arguments, took no part in the decision.