## SHAW *v.* CITY OF COVINGTON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF KENTUCKY.

No. 246. Argued April 22, 25, 1904.—Decided May 31, 1904.

Corporations having consolidated under a state statute providing that on the recording of the agreement the separate existence of the constituent corporations should cease and become a single corporation subject to the provisions of that law, and other laws relating to such a corporation, and should be vested with all the property, business, credits, assets and effects of the constituent companies, and one of the corporations claimed to possess an exclusive franchise to furnish water to a city under which the city could not for a period erect its own works, and the constitution and laws of the State at the time of the consolidation, but passed after the franchise was granted, prohibited the granting of such exclusive privileges.

*Held* that on the consolidation the orginial corporations disappeared and the franchises of the consolidated corporation were left to be determined by the general law as it existed at the time of the consolidation and the corporation did not succeed to the right of the original company to exclude the city from erecting its own plant.

THE facts are stated in the opinion of the court.

*Mr. Miller Outcalt* and *Mr. Alfred C. Cassatt,* with whom *Mr. Richard P. Ernst* was on the brief, for appellants:

The consolidation carried the exclusive franchise to the new company. 2 Clark & Marshall, § 355*a; Phila. & Wil. R. R.* v. *Maryland,* 16 How. 376; *New Orleans Gas Co.* v. *Louisiana Light Co.,* 115 U. S. 650; *Citizens' Ry. Co.* v. *Memphis,* 53 Fed. Rep. 713; *Louisville Gas Co.* v. *Citizens' Gas Co.,* 115 U. S. 683; *New Orleans Water Co.* v. *Rivers,* 115 U. S. 674.

VOL. CXCIV—38

The franchise was not repealed by the passage of the Covington city charter. *Orr* v. *Bracken County,* 81 Kentucky, 593; *People* v. *O'Brien,* 111 N. Y. 1; *City Railway Co.* v. *Citizens' Railway Co.,* 166 U. S. 557; *Rodgus* v. *United States,* 185 U. S. 83.

Nor was the franchise repealed by § 573, Rev. Stat. of Kentucky. *Williams* v. *Nall,* 21 Ky. L. R. 1526; *Bridge Proprietors* v. *Hoboken Co.,* 1 Wall. 116, 146; *The Binghampton Bridge,* 3 Wall. 51; *New Orleans Gas Co.* v. *Louisiana Light Co.,* 115 U. S. 650; *New Orleans Water Co.* v. *Rivers,* 115 U. S. 674; *Louisville Gas Co.* v. *Citizens' Gas Co.,* 115 U. S. 683, 690; *Tammany W. W. Co.* v. *New Orleans Water Co.,* 120 U. S. 64; *California State Telegraph Co.* v. *Alta Telegraph Co.,* 22 California, 423.

*Mr. F. J. Hanlon* for appellees:

Appellants have no exclusive franchise or irrevocable contract. Act of 1856, § 1987, Kentucky Statutes; *Griffin* v. *Ins. Co.,* 3 Bush, 592; *C. & O. R. R. Co.* v. *Barren Co.,* 10 Bush, 604; *Deposit Bank* v. *Davies Co.,* 102 Kentucky, 208; *Commonwealth* v. *Cov. & Cin. Bridge Co.,* 14 Ky. L. R. 836; *Parker* v. *Railroad Co.,* 109 Massachusetts, 506; *Shields* v. *Ohio,* 95 U. S. 319; *Louisville Water Co.* v. *Clark,* 143 U. S. 1; *Covington* v. *Kentucky,* 173 U. S. 231; *Citizens' Savings Bank* v. *Owensboro,* 173 U. S. 634; *Louisville* v. *Bank,* 174 U. S. 439; *Gulf & Ship Island R. R. Co.* v. *Hewes,* 183 U. S. 67; *Bienville Water Co.* v. *Mobile,* 186 U. S. 212; *Northern Central Ry. Co.* v. *Maryland,* 187 U. S. 255.

The exclusive franchise claimed by appellants has been repealed by the Legislature of Kentucky and said exclusive franchise ceased to exist September 28, 1897. § 573, act of April 5, 1893; §§ 163, 164, const. Kentucky; *Williams* v. *Nall,* 21 Ky. L. R. 1527; § 3058, sub-sec. 6, Ky. Statutes.

The exclusive franchise of the Covington company did not pass to the consolidated company by virtue of the articles of consolidation. Secs. 556, 573, Ky. Statutes, Corporation Act

of 1893; 6 Am. & Eng. Ency. of Law (2d ed.), 810, 811, 813, 818; *Shields* v. *Ohio*, 95 U. S. 319; *Maine Cent. R. R. Co.* v. *Maine*, 96 U. S. 499; *Atl. & Gulf R. R. Co.* v. *Georgia*, 98 U. S. 359; *St. Louis R. R. Co.* v. *Berry*, 113 U. S. 465; *Keokuk & W. R. R. Co.* v. *Missouri*, 152 U. S. 301; *Yazoo & Miss. Valley R. R. Co.* v. *Adams*, 180 U. S. 2.

Corporate grants by the State to corporations are construed strictly, and all doubts are resolved in favor of the public and against the corporation. *Minturn* v. *Larue*, 23 How. 475; *Northwestern Fertilizing Co.* v. *Hyde Park*, 97 U. S. 659; *Home Ins. Co.* v. *New York*, 134 U. S. 594; *Stein* v. *Bienville Water Co.*, 141 U. S. 67; *Pearsall* v. *Great Northern R. R. Co.*, 161 U. S. 646; *Louisville & N. R. R. Co.* v. *Kentucky*, 161 U. S. 677.

An exclusive franchise (exemption from competition) cannot be sold and assigned by one corporation to another. *W. & Lex. T. P. Co.* v. *Vimont*, 5 B. Mon. 1; *Louisville Water Co.* v. *Hamilton*, 81 Kentucky, 517; *Turnpike Co.* v. *Smith*, 1 Ky. L. R. 68; *Old State Road* v. *Smith*, 1 Ky. L. R. 125; *McCabe's Admr.* v. *Maysville &c. R. R. Co.*, 66 S. W. Rep. 1055; 7 Am. & Eng. Ency. of Law (2d ed.), 747, 749; *Black* v. *Del. Canal Co.*, 22 N. J. Eq. 400; *South Yorkshire R. R. Co.* v. *Great Northern R. R. Co.*, 3 DeG., M. & G. 576; *Commonwealth* v. *Smith*, 10 Allen (Mass.), 448; Morawetz on Private Corporations, vol. 2 (2d ed.), § 930; *Atl. Tel. Co.* v. *Union Pac. R. R. Co.*, 1 McCrary, 541; *Memphis & Little Rock R. R. Co.* v. *Berry*, 112 U. S. 609; *Ches. & Ohio R. R. Co.* v. *Miller*, 114 U. S. 176; *Thomas* v. *West Jersey R. R. Co.*, 101 U. S. 71; *Chicago, B. &c. R. R. Co.* v. *Missouri*, 122 U. S. 561; *Oregonian R. R. Co.* v. *Oregon R. R. & Nav. Co.*, 130 U. S. 1; *Gibbs* v. *Cons. Gas Co.*, 130 U. S. 396; *Pitts. C. &c. R. R. Co.* v. *Keokuk & H. Bridge Co.*, 131 U. S. 371; *C. M. & St. P. R. R. Co.* v. *Chicago Third Nat. Bank*, 134 U. S. 276; *Gen. Transp. Co.* v. *Pullman Co.*, 139 U. S. 24; *L. & N. R. R. Co.* v. *Kentucky*, 161 U. S. 677; *Cov. & Lex. T. P. Co.* v. *Sandford*, 164 U. S. 578; *Minn. & St. L. R. R. Co.* v. *Gardner*, 177 U. S. 330.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit in equity brought by the appellants to enjoin the city of Covington from setting up an electric plant to furnish light, heat, and power to the city and its citizens. The ground of the suit is that the intended action of the city will impair the obligations of a contract with the Suburban Electric Company, contrary to article 1, section 10, of the Constitution of the United States. The plaintiff Shaw is trustee in bankruptcy of the Electric Company. The contract set up consists of a clause in a charter granted by the legislature of Kentucky on April 22, 1882, to the Covington Electric Light Company. By § 5 the business of the company is limited to furnishing the City of Covington, its inhabitants, and others near the city, with light, motive power, and heat, and the company is given "the exclusive privilege of conducting the business above described within and adjacent to said city for the term of twenty-five years, but a non-user of the privilege of this act of incorporation for five years shall work a forfeiture." One of the contentions of the defendants is that this privilege was lost by non-user. But as our judgment proceeds upon other grounds we say nothing about that, but assume, for the purposes of decision, that the privilege was acquired, subject to the general reservation by the State of the power to repeal. *Hamilton Gas Light & Coke Co.* v. *Hamilton,* 146 U. S. 258; *Citizens' Savings Bank* v. *Owensboro,* 173 U. S. 636.

The Circuit Court dismissed the bill on the grounds that this privilege was repealed from and after September 28, 1897, by what is now § 573 of the Kentucky statutes (1894), or would have been repealed if not previously lost by the consolidation of the Covington Electric Light Company with other companies on April 11, 1894, as the court thought that it had been. The plaintiffs appealed to this court. They are met at the outset by the dilemma, that either the action of the municipality is sanctioned by the State, in which case the State must

be taken to have exercised its reserved right to repeal its grant to that extent, or the action of the municipality is not so sanctioned, in which case it cannot be a law impairing the obligation of contracts within the clause of the Constitution, and the plaintiffs are out of court. *Hamilton Gas Light & Coke Co.* v. *Hamilton,* 146 U. S. 258; *Wisconsin & Michigan Ry. Co.* v. *Powers,* 191 U. S. 379, 385. See *Joplin* v. *Southwest Missouri Light Co.,* 191 U. S. 150, 155, 156. But in view of *City Railway Co.* v. *Citizens' Street R. R. Co.,* 166 U. S. 557, we do not stop to consider this point further, as the result will be the same whatever the ground.

As we have implied, the original grantee of the exclusive privilege consolidated with other companies on April 11, 1894. This was done under what are now §§ 555 and 556 of the Kentucky statutes. By the latter section, when the agreement of consolidation is recorded, etc., "the separate existence of the constituent corporations shall cease, and the consolidated corporations shall become a single corporation in accordance with the said agreement, and subject to all the provisions of this chapter, and other laws relating to it, and shall be vested with all the property, business, credits, assets and effects of the constituent corporations without deed or transfer, and shall be bound for all their contracts and liabilities." The old companies disappear and the new company must claim whatever rights it gets from the law which calls it into being. It is absolutely subject to the constitution and laws then in force. Therefore it can claim the franchises and privileges of its constituent companies by succession, only under the words "property," or "assets and effects," if at all. These words certainly are not happily chosen to express the transfer of a franchise, still less to express the continuance of a right not to be competed with, granted by the legislature to a named corporation, after that corporation shall have ceased to exist. The natural meaning of the words would be that the ordinary property of the consolidating corporations, the property such as any one might own without

special franchise and might transfer by deed, shall belong to the new company without deed, but the franchises of the new company would seem to be left to be determined by the general law. The new corporation is to be "subject to all the provisions of this chapter, and other laws relating to it." This interpretation is strengthened by the consideration that other sections show that the legislature had franchises and privileges before its mind, and evidently did not fail to mention them from forgetfulness. In the cases cited by the appellants the privileges and franchises of the constituent companies were continued in the new company by explicit and careful words. *Philadelphia, Wilmington &c. R. R.* v. *Maryland,* 10 How. 376; *New Orleans Gas Co.* v. *Louisiana Light Co.,* 115 U. S. 650.

The impression that the plaintiffs did not inherit a right to exclude the city of Covington from setting up a plant before 1907 as the result of the consolidation is confirmed still further when we consider the state of the law at the time. By § 191 of the constitution of 1891 "all existing charters or grants of special or exclusive privileges, under which a *bona fide* organization shall not have taken place, . . . shall thereafter be void and of no effect." Again, by § 164, no city can grant any franchise or privilege, or make any contract in reference thereto, for a term exceeding twenty years, and the grantee is to be the highest and best bidder at a public offer. We assume that the Covington Electric Light Company escaped these sections, but they show the policy of the State to have been against such a right as it claimed. It is doubtful, at least, whether the legislature could have granted it in 1894; and this is a reason the more for construing the strict language of the consolidation sections to have meant no more than they said. We may add to the foregoing, as indicative of the general jealousy of exclusive rights, § 3 of the bill of rights: "No grant of exclusive . . . privileges shall be made to any man or set of men except in consideration of public services." It was uncertain, until decided, whether

under this section such an exclusive right as that of the Covington Electric Light Company could be granted, and the prevailing local opinion was that such grants were forbidden. *Louisville Gas Co.* v. *Citizens' Gas Co.*, 115 U. S. 683; *S. C.*, 81 Kentucky, 263. This, again, goes to show that the meagre words used in describing the rights of the new company were chosen with intelligent care. Everything in the constitution looked to the abolition and refusal of special privileges and to putting all corporations on an equal footing. It was natural, therefore, when old corporations consolidated, that the law should treat the new corporation which it then· called into being as it would have treated another corporation coming into being at the same time, but starting fresh, instead· of being a consolidation of the old. We refer again to the words, ·"subject to all the provisions of this chapter, and other laws relating to it," in § 556.

Finally, we add to the language of the constitution the section of the statutes which the Circuit Court adjudged to have repealed the grant of a monopoly to the original company. By § 573 the provisions of all charters "which are inconsistent with the provisions of this chapter concerning similar corporations, to the extent of such conflict, and all powers, privileges or immunities of any such corporation which could not be obtained· under· the provisions of this chapter, shall stand repealed on September 28, 1897," and the exercise of the repealed powers is made a crime. After September 28, 1897, the provisions of the chapter are to apply to all corporations if they would be applicable to such corporations if organized under that chapter. There was nice discussion, and it is a fair question whether this section did not repeal the exclusive privilege given to the Covington Company in 1897, if that privilege survived the consolidation. But we refer to it only as an aid in construing § 556. It is another evidence of the wish and intent of the legislature to bring all corporations to a level when it could.

Practically it was admitted that the new corporation formed

by consolidation in 1894, was subject to the statutes and constitution then in force. *Yazoo & Mississippi Valley Ry. Co.* v. *Adams,* 180 U. S. 1. To dispute the proposition would be to discredit the whole of the appellants' case. But that being so, we think that we have shown that the policy of the law at the time of the passage of the consolidation statute, Ky. Stats. § 556, act of April 5, 1893, was entirely opposed to the continuance of such a special right as is claimed, and therefore have given a sufficient reason for construing the words as meaning what they seem on their face to mean and no more. It may be doubted whether the legislature could have kept the Covington Light Company monopoly alive in the hands of a new and distinct corporation. *Keokuk & Western R. R.* v. *Missouri,* 152 U. S. 301. But at all events we are satisfied that it did not try to do so. See *Yazoo & Mississippi Valley Ry. Co.* v. *Adams,* 180 U. S. 1.

In the very able argument for the appellants an attempt was made to detach the exclusive privilege, given by § 5 of the Covington Electric Light Company's charter, from "conducting the business," to which it was attached by that section, and to transfer it to the "privilege," granted by § 6, "subject to the regulations of the city authorities, to lay its pipes and mains, and erecting its poles, posts and wires through and along any street," etc. The latter, it is said, is an easement, the exclusive character is part of it, and it all goes, like any other property, to the successors of the Covington Company. We cannot be so ingenious. However the plaintiffs may stand as to using the streets, the Covington Company's monopoly in business was distinct from its rights in the streets. When the Covington Company died its monopoly came to an end.

*Decree affirmed.*

MR. JUSTICE WHITE dissented.