GEORGIA RAILWAY & POWER COMPANY ET AL. *v.* MAYOR AND COUNCIL OF THE CITY OF COLLEGE PARK.

ERROR TO THE SUPREME COURT OF THE STATE OF GEORGIA.

No. 464.   Argued April 24, 25, 1923.—Decided June 4, 1923.

1. A state statute extending the limits of a city and construed as having the effect of rendering applicable to the added territory maximum street railway rates fixed by an earlier contract between the city and the street railway company, impairs the obligation of the contract by adding to its burdens. P. 442. *Georgia Ry. & Power Co.* v. *Decatur, ante,* 432.

2. A contract of a street railway company with a city to carry passengers for a fare not greater than a stated maximum does not oblige it to issue free transfers. *Id.'*

3. A contract of a street railway company with a city fixing a maximum fare for passage from that city to another city, *construed,* in accordance with the practice of the parties, as applying to passage between the cities in either direction. *Id.*

153 Ga. 329, reversed; certiorari denied.

ERROR to a decree of the Supreme Court of Georgia affirming a decree for the City of College Park in its suit to enforce compliance with a contract fixing street railway fares.

*Mr. Walter T. Colquitt,* with whom *Mr. L. Z. Rosser* and *Mr. J. Prince Webster* were on the briefs, for plaintiffs in error.

*Mr. Geo. P. Whitman* for defendants in error.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

The facts in this case and the contentions to be considered, with some exceptions presently to be stated, are essentially the same as those involved in *Georgia Ry. & Power Co.* v. *Decatur,* No. 463, just decided, *ante,* 432. From their inception in the state courts the two cases

have been considered together and in each of the three decisions referred to in the *Decatur Case* the State Supreme Court has disposed of them in a single opinion.

The contract here involved was made in 1905. It granted to the Electric Company the right to convert its single track within the limits of the municipality into a double track line of electric railway and provided: "That no greater fare than that of five cents for each passenger be charged for passage from the southern limits of said city of College Park to some central point in the City of Atlanta." The contract, however, unlike the Decatur one, contains no provision on the subject of transfers. Subsequently, by an act of the legislature, the limits of College Park were extended so as to take in a portion of the College Park line theretofore outside the municipality. Upon the authority of the *Decatur Case,* we hold that the application of the five-cent fare to the annexed territory impairs the obligation of the contract. In addition to that, the order of the commission requiring the issuance of free transfers to College Park patrons, was erroneous.

The state courts, in effect, construed the contract as obliging defendant to carry passengers in both directions between College Park and Atlanta at the stipulated rate, and with this construction we agree. It cannot be supposed to have been within the intention of the contracting parties that one rate of fare should be charged for passage in one direction and a different rate in the opposite direction, for the same distance, over the same line, under the same conditions and entailing the same service. Such a construction of the clause would subvert the plain purpose of the ordinance, which was to fix a five-cent fare between the two cities. We construe the phrase " from . . . College Park to . . . Atlanta " as though it read " between College Park and Atlanta." See *State* v. *Stone,* 20 R. I. 269. This construction, moreover,

agrees with the practice of the appellant, extending over many years in charging the same fare in each direction.

The decree of the State Supreme Court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

<div align="right">

*Reversed.*

*Writ of certiorari denied.*