## LYNCHBURG TRACTION & LIGHT CO. v. CITY OF LYNCHBURG.

(Circuit Court of Appeals, Fourth Circuit. January 11, 1927.)

No. 2551.

1. Carriers ⬅️12(6½)—Corporation Commission's order, fixing street railroad fares as to lines outside municipal limits, held made under police power, not under contract, as affecting right of modification.

Order of state Corporation Commission, fixing street railroad fares on portion of line extending beyond city limits, *held* not fixed by contract, or by modification of contract by street railroad with municipality, but by exercise of police power of state.

2. Constitutional law ⬅️135—Ordinance fixing street railroad fares within territory annexed to city held not to impair original contract by increasing burdens thereunder.

City ordinance fixing street railroad fares as to portion of line serving territory newly annexed *held* not to impair obligations of contract, by increasing burdens under original contract relating to operation of street railway within city limits.

3. Constitutional law ⬅️115—Municipal ordinance not sanctioned by state law is not law impairing obligations of contracts.

Municipal ordinance, which is not sanctioned by law of state, is not a law impairing obligations of contracts within the impairment clause of the Constitution.

4. Municipal corporations ⬅️619—Municipalities in Virginia may not prescribe rates for public service corporations.

Municipalities in Virginia have no power, either under the Constitution or general statutes, to prescribe rates to be charged by any public service corporation.

5. Courts ⬅️279—Constitutional question relied on for jurisdictional purposes must appear from plaintiff's own statements.

For jurisdictional purposes, constitutional question must appear necessarily from plaintiff's statement of his own claim, and cannot arise from his allegations as to defense which defendant relies on or intends to set up.

Appeal from the District Court of the United States for the Western District of Virginia, at Lynchburg; Edmund Waddill, Jr., and Henry Clay McDowell, Judges.

Suit by the Lynchburg Traction & Light Company against the City of Lynchburg. Order dismissing the suit, and plaintiff appeals. Affirmed.

John L. Abbot, of Lynchburg, Va. (Barksdale & Abbot and A. D. Barksdale, all of Lynchburg, Va., on the brief), for appellant.

T. G. Hobbs, of Lynchburg, Va., for appellee.

Before ROSE and PARKER, Circuit Judges, and WATKINS, District Judge.

PARKER, Circuit Judge. This is an appeal from an order dismissing a bill in equity filed by the Lynchburg Traction & Light Company, hereinafter called the company, to enjoin the city of Lynchburg from enforcing an ordinance fixing a street car fare of 5 cents on certain lines of the company. The basis of the suit is that the ordinance complained of impairs the obligations of contracts evidenced by franchises granted by the city to the company. The dismissal was based on lack of jurisdiction under the allegations of the bill of complaint.

The bill is voluminous, covering, with attached exhibits, 110 pages of the printed record. The facts averred, however, are simple, and may be briefly stated as follows:

The company is the owner of franchises granted by the city of Lynchburg prior to 1908, and subsequent thereto, authorizing the operation of a street railway system within the then limits of the city. These franchises, among other things, provided "that no passenger shall be required to pay a fare exceeding five cents for transportation. * * *" After 1908 the lines of the company were extended beyond the city limits, and in 1922 the Corporation Commission of Virginia authorized a fare of six cents between points outside of the city limits and other points on the lines. In 1925, the city, by proper proceedings, annexed to itself a large contiguous territory embracing the outside lines of the company, the annexation taking effect at midnight of December 31, 1925, and on December 14, 1925, in anticipation of the extension, the council of the city adopted the ordinance complained of, which is as follows:

"Be it resolved, by the council of the city of Lynchburg, that the five-cent street car fare now charged by the Lynchburg Traction & Light Company, on its lines within the city of Lynchburg, shall be, and the same is, made effective after December 31, 1925, at 12 o'clock midnight, on all lines of said company in that territory to be annexed to and become a part of the city of Lynchburg on December 31, 1925, at 12 o'clock midnight."

It is this ordinance which is attacked; and the sole ground of attack is that it violates the contract clause of the Constitution. There is no allegation that the rate fixed by the city is confiscatory, or that the company is in any manner denied due process of law or the equal protection of the laws, in violation of the Fourteenth Amendment to the Constitution. The company's sole contention, as we understand it, is that the ordinance impairs the obligation of its franchises or contracts with the

city (1) in that it nullifies the order of the Corporation Commission of Virginia, which it claims modified and became a part of the original contracts; and (2) in that it increases the burden of the original contracts, by extending their provisions to outside territory. [1] We see no merit whatever in the company's first point. The bill does not allege that there was any contract by which the company was allowed to charge a 6-cent fare to or from points beyond the city limits. On the contrary, it is expressly set forth that this rate was fixed by the state Corporation Commission. It was fixed, therefore, not by contract, or by modification of contract, but by exercise of the police power of the state. Town of Victoria v. Victoria Ice, Light & Power Co., 134 Va. 134, 114 S. E. 92, 28 A. L. R. 562; City of Richmond v. Virginia Ry. & Power Co., 141 Va. 69, 126 S. E. 353.

[2] As to the second point, that the ordinance increases the burden of the franchises or contracts by extending their provisions to the outside territory, the answer is that the ordinance makes no reference to the contracts or franchises, and it does not appear that the city, in enacting the ordinance, was proceeding under or relying upon the franchises or contracts embodied in them. The franchises themselves do not attempt to bind the parties as to rates in the territory beyond the old city limits, and the mere fixing of rates for this outside territory, although possibly void on other grounds, could not be said to impair the obligations of a contract which had no reference to the matter.

[3, 4] The company relies particularly upon Detroit United Railway Co. v. Michigan, 242 U. S. 238, 37 S. Ct. 87, 61 L. Ed. 268, Georgia Ry. & Power Co. v. Decatur, 262 U. S. 432, 43 S. Ct. 613, 67 L. Ed. 1065, and Georgia Ry. & Power Co. v. College Park, 262 U. S. 441, 43 S. Ct. 617, 67 L. Ed. 1074. In the first of these cases, the Supreme Court of Michigan had held that, where a street railway company had acquired suburban lines having a contract right to charge certain fares under village and township ordinances, the lines so acquired came within the fare restrictions of the ordinances of the city of Detroit when the city limits were so extended as to embrace these suburban lines. The Supreme Court of the United States reversed this decision, on the ground that such an interpretation of the ordinances and legislative acts of extension impaired the contract rights of the company. In the Georgia Ry. & Power Cases, the Supreme Court of Georgia had held that a state statute extending the corporate limits of a town had the effect of rendering applicable to the added territory maximum street railway rates fixed by contract between the town and the company. The Supreme Court of the United States reversed these decisions on the ground that, as so construed, the statute of the state impaired the obligations of the contract fixing maximum rates by adding to its burdens.

These cases, however, can have no application here. There is no act of the Legislature of Virginia extending or attempting to extend the franchise rate into the added territory, and we are not reviewing, as was the Supreme Court in the cases cited, a decision by the highest court of the state holding that the franchise rate should be applied in the added territory because of legislative acts and city ordinances. It is well settled that a municipal ordinance not sanctioned by the law of the state is not a law impairing the obligations of contracts within the impairment clause of the Constitution. Shaw v. City of Covington, 194 U. S. 593, 597, 24 S. Ct. 754, 48 L. Ed. 1131; Hamilton Gaslight & Coke Co. v. Hamilton City, 146 U. S. 258, 266, 13 S. Ct. 90, 36 L. Ed. 963; City and County of San Francisco v. United Railroads of San Francisco (C. C. A. 9th) 190 F. 507, certiorari denied 225 U. S. 710, 32 S. Ct. 840, 56 L. Ed. 1268. And it is the law of Virginia that municipalities have no power, either under the Constitution or general statutes, to prescribe rates (as distinguished from the power to contract therefor) to be charged by any public service corporation. Town of Victoria v. Victoria Ice, Light & Power Co., supra. It may well be that the ordinance is void, because not based on legislative authority, but, if void for that reason, it could not be said to be an act of the state impairing the obligation of a contract, for in such case it would not be an act of the state.

[5] The company contends, however, that it has alleged in its bill that the ordinance impairs the obligation of the contract, in that it extends its provisions over the territory to be annexed, and that it is entitled to stand upon this allegation. But the trouble is that the allegation is a mere statement of the conclusion of the pleader and is not supported by the facts alleged. It may be that the city is relying upon the provisions of the franchises to support the ordinance; but this does not appear in the ordinance itself, nor in any of the records which have been attached to the bill. And even if the allegation in question be treated, not as a conclusion, but as a statement of the ground relied upon by the city to sustain the ordinance, this will not help the company; for it is well settled that, for jurisdictional purposes, the constitutional question must appear necessarily from

plaintiff's statement of his own claim, and cannot arise from his allegations as to the defense which the defendant relies upon or intends to set up. Osborn v. Bank, 22 U. S. (9 Wheat.) 738, 6 L. Ed. 204; Taylor v. Anderson, 234 U. S. 74, 34 S. Ct. 724, 58 L. Ed. 1218.

And this case well illustrates the wisdom of the rule. If complainant should bring suit in the courts of the state, the city may not rely upon the franchises to sustain the ordinance, or the state courts may hold the ordinance void because not authorized by statute or because in conflict with the order of the state Corporation Commission, in none of which cases would complainant have any ground of complaint under the contract clause of the Constitution. On the other hand, complainant, by first resorting to the state courts, would not forfeit its right to invoke the jurisdiction of the courts of the United States for the protection of its rights under the Constitution; for if the city should set up the franchise to sustain the ordinance, and the state courts should make a holding which, in the opinion of complainant, would add to the burdens of the contract, it could then seek a review by the federal Supreme Court, as was done in Detroit United Railway Co. v. Michigan, supra, and the Georgia Ry. & Power Co. Cases.

For the reasons stated, we think that the order dismissing the suit for lack of jurisdiction was properly entered, and same is accordingly affirmed.

Affirmed.