[Civ. No. 11909.   First Dist., Div. One.   Jan. 28, 1942.]

SUNSET NUT SHELLING COMPANY (a Corporation), Respondent, v. CHARLES G. JOHNSON, as State Treasurer, etc., Defendant; CHARLES J. McCOLGAN, as Franchise Tax Commissioner, etc., (Substituted Defendant), Appellant.

Earl Warren, Attorney General, and James J. Arditto and Valentine Brookes, Deputies Attorney General for Appellant.

Newmark & Strong and M. M. Newmark for Respondent.

PETERS, P. J.—Plaintiff, Sunset Nut Shelling Company, paid a portion of its franchise tax for the calendar year 1935 under protest. Thereafter, this action was instituted by the taxpayer to recover the amount so paid. The trial court overruled the demurrer of the State Treasurer. The latter elected to stand upon the demurrer, and judgment was entered in favor of plaintiff, from which this appeal is taken.

The problem involved is whether a 1935 amendment to the Franchise Tax Act, effective June 25, 1935 (Stats. of 1935, p. 1245, at p. 1246; Deering's Gen. Laws, 1935 Supp. Act 8488), raising the rate of the tax from 2 per cent to 4 per cent is applicable to this taxpayer for the calendar year 1935.

The complaint alleges that plaintiff is a California corporation; that on March 13, 1935, it made its return to the Franchise Tax Commissioner; that according to the law then in effect it was the duty of the plaintiff to pay for the privilege of exercising its corporate franchise in the state a franchise tax measured by its net income at the rate of 2 per cent upon the basis of its net income for the next preceding year; that the tax constituted a lien upon the property of plaintiff in California, which lien attached on March 4, 1935; that the tax was computed in the manner then provided by law and a remittance so computed made to the Franchise Tax Commissioner on March 13, 1935; that thereafter the legislature changed the rate from 2 per cent to 4 per cent by an enactment which became effective June 25, 1935; that on September 20, 1935, the Franchise Tax Commissioner served notice upon plaintiff demanding an additional tax computed according to the 4 per cent rate; that on October 2, 1935, plaintiff paid the additional tax under protest, and this action was thereafter instituted.

There can be no doubt but that the legislature intended that the 1935 amendment raising the rate should apply to taxes payable for the calendar year 1935. Section 4 (8) of the 1935 amendments expressly so provides. (Stats. of 1935 at p. 1247.) The question is not whether the legislature intended the tax to apply in the calendar year 1935, but whether the statute so providing is constitutional.

Under the terms of the act the tax for each year is measured by the net income of the taxpayer for the preceding year. The tax involved in the instant case accrued on January 1, 1935, and became a lien on the taxpayer's property in California on the first Monday in March, 1935. One-half the tax becomes due and payable on or before the fifteenth day of the third month following the close of the taxable year, and the balance on or before the fifteenth day of the ninth month following the close of the taxable year, and is delinquent if not paid by those dates. As already pointed out, plaintiff paid its tax in full on March 13, 1935. It is the theory of respondent that since it paid the tax on March 13, 1935, and since on that date the tax was a lien, it acquired a vested right to the privilege of exercising its corporate franchise for the year 1935, which was unconstitutionally impaired by the imposition of the additional tax in June of 1935. The theory is untenable.

■ The question as to the power of the state to amend existing excise tax laws or to pass new ones during the taxable year, and to make such new or amended tax laws retroactive to the commencement of the taxable year has frequently been presented to the courts of this and other states. It is settled law that a taxpayer has no legal or constitutional right to have current excise taxes computed at the rate in existence at the commencement of the calendar year. Taxes for the current year may be changed any time during the year, or additional taxes may be imposed during the current year on the same subject of taxation. In *Holmes* v. *McColgan,* 17 Cal. (2d) 426, 431 [110 Pac. (2d) 428], the Supreme Court stated that: ''The constitutional validity of such retroactive provisions is now too well established to be questioned.''

The basis of the rule is that the power to tax is proportioned to the public needs. So long as there exists public needs there exists the liability of the individual to contribute thereto. It is impossible to know at the beginning of the year what the needs of that year may be. If situations arise calling for the raising of more money (and the legislature is empowered to determine that question) new taxes may be levied or the rates of old taxes raised without impairment of any constitutional rights of the taxpayer. (*Patton* v. *Brady, Executrix,* 184 U. S. 608 [22 S. Ct. 493, 46 L. Ed. 713]; *Wisconsin & Michigan Ry. Co.* v. *Powers,* 191 U. S. 379 [24 S. Ct. 107, 48 L. Ed. 229]; *Brushaber* v. *Union Pac. R. R.,* 240 U. S. 1 [36 S. Ct. 236, 60 L. Ed. 493]; *Roth Drug, Inc.* v. *Johnson,* 13 Cal. App. (2d) 720 [57 Pac. (2d) 1022].)

These principles have been applied by the appellate courts of this state to the very tax statute here involved. In *Fullerton Oil Co.* v. *Johnson,* 2 Cal. (2d) 162 [39 Pac. (2d) 796], the problem involved was whether an amendment to the statute effective February 27, 1931, was applicable in computing the 1931 tax. In disposing of the contention that the taxpayer was entitled to compute the allowance without regard to the 1931 amendment, the Supreme Court stated (p. 176):

''Based on these sections respondent contends that since its tax for 1931 accrued on January 1, 1931, based on its net income for 1930, at which time 1928 values could be used in computing depletion, the 1931 amendment denying that privilege cannot be used to compute the 1931 tax. To permit the February 27, 1931, amendment to apply in computing the 1931 tax, according to respondent, would be to give that

amendment an unlawful retroactive effect. Respondent strenuously contends that its tax liability for 1931 became a determined and accrued liability before the effective date of the amendment. To this contention there is a conclusive answer. The retroactivity alleged is more apparent than real. If the 1931 amendment be applied in computing the 1931 tax, such application is to give the amendment a prospective rather than a retroactive operation. Although under the act the net income earned in 1930 is used as a base for computing the tax due for 1931, the tax collected in 1931 is not for the privilege of doing business in 1930 but is a tax for the privilege of doing business as a corporation in California for 1931. It is a tax for the privilege of exercising a corporate franchise for the entire year 1931—that is, the current year when the act here involved became effective. The privilege being taxed is a present and continuing privilege, the amount of the tax being measured by the transactions of a prior year. Although, under the act, the tax accrued on January 1, 1931, and became a lien on the first Monday in March, 1931, the tax imposed for that year was for the entire current year. There is no reasonable or legal basis for contending that a taxpayer is entitled, regardless of legislative action, to have current taxes computed on the same basis as past taxes have been assessed. *It is well settled that taxes for the current year may be changed any time during the year, and, in fact, additional taxes may be imposed during the current year on the same subject of taxation.''* (Italics ours.)

The same conclusion was reached in *Filoli, Inc.,* v. *Johnson,* 4 Cal. (2d) 662 [51 Pac. (2d) 1093], as to the legal effect of another amendment to the Franchise Tax Act effective February 27, 1931. In *Holmes* v. *McColgan, supra,* the rule of the *Fullerton Oil Co.* case, *supra,* was applied to an amendment of the state personal income tax law. It was held that an amendment to that act adopted June 13, 1935, was applicable retroactively to January 1, 1935.

Respondent argues that although in the Fullerton Oil Co. and Filoli cases, *supra,* it was held that amendments to the Franchise Tax Act could be applied retroactively, that those amendments became effective in February, 1931, before the tax became a lien. It is urged that after the tax became a lien on March 4, 1935, and was paid on March 13, 1935, respondent acquired the right to do business in this state for the taxable year 1935; that this right was a vested

property right; that such right was unconstitutionally impaired by the tax passed after the lien date. In respondent's analysis the lien date marks the limit of time when the legislature may increase the tax burden for the current year. This very contention was considered in *American States W. S. Co.* v. *Johnson,* 31 Cal. App. (2d) 606 [88 Pac. (2d) 770]. In that case an additional assessment was levied on the taxpayer for the year 1935 under the Franchise Tax Act by reason of an amendment to that act effective in June of 1935—after the date the tax became a lien. The court rejected the identical contentions made by respondent in the instant case, holding that "the tax is in the nature of an excise which is always within the power of the legislative department of government to change or increase during the term for which it is imposed" (p. 613); that the payment of an excise tax for the privilege of doing business creates no contract with the state; that no vested property or contract was unconstitutionally affected by the retroactive amendments passed after the tax became a lien; that such excise taxes constitutionally may be changed or increased "any time during the term for which they are imposed" (p. 617); that the "taxpayer acquires no added rights by virtue of the lien" (p. 618); that, "Neither the payment of taxes nor the vesting of the lien prior to the amendment of the act conferred upon the appellant vested rights which prevented the legislature from increasing the taxes during that current year" (p. 618). The opinion considers the exact problem here involved at length and with thoughtful deliberation, and disposes of the arguments urged in the present appeal. A hearing was denied by the Supreme Court. The decision of the trial court in the present case was rendered before the appellate court filed its decision in the American States W. S. Co. case. Respondent's arguments are simply an attempt to revive the issue decided adversely to its contentions in that case, and in the other cases heretofore cited.

The judgment appealed from is reversed.

Knight, J., and Ward, J., concurred.