## TEXAS CO. v. DUNN. (No. 1074.)

(Court of Civil Appeals of Texas. El Paso. Feb. 19, 1920. Rehearing Denied March 11, 1920.)

1. CANCELLATION OF INSTRUMENTS ⚖➝42— WANT OF CONSIDERATION FOR OPTION TO LEASE LANDS DULY PLEADED BY SUPPLEMENTAL PETITION.

In a suit to cancel a mineral lease, where defendant set up a written option to lease whereby it was granted 25 days in which to accept the lease, dating from receipt of abstracts of title, and, while denying she had executed such instrument, plaintiff, in avoidance by supplemental petition, pleaded that the option contract on which it was based had no consideration, etc., want of consideration for the option was duly presented by the pleadings.

2. APPEAL AND ERROR ⚖➝253—PLAINTIFF'S FAILURE TO VERIFY PLEA CANNOT AVAIL DEFENDANT APPELLANT WHICH DID NOT EXCEPT.

In absence of exception in the trial court to failure to verify plaintiff's plea by supplemental petition, want of verification can avail defendant appellant nothing.

3. MINES AND MINERALS ⚖➝57—ISSUE OF WANT OF CONSIDERATION FOR OPTION TO LEASE RAISED BY OWNER'S TESTIMONY.

Where defendant's so-called option contract with plaintiff to lease her oil lands on its face

disclosed that it was based on a money consideration, when plaintiff by her testimony refuted the acceptance of the consideration so stated in the instrument, she sufficiently raised the issue of want of consideration.

4. MINES AND MINERALS ⚖➝57—OWNER'S LETTER CONSTITUTING REVOCATION OF OFFER TO LEASE.

Where a landowner gave an oil company a 25-day written option to lease her land, and subsequently, though before expiration of such 25 days, wrote that she could wait no longer for her money, asking return of her lease and abstract, stating that she did not see proper to accept payment, such letter was an absolute revocation of the option or offer to lease, which was not supported by consideration.

5. CONTRACTS ⚖➝52—DETRIMENT TO PROMISEE SUFFICIENT CONSIDERATION.

A loss or detriment to the promisee is a sufficient consideration for a promise.

6. MINES AND MINERALS ⚖➝57—EXPENSE INCURRED BY OPTIONEE TO LEASE IN EXAMINING TITLE NOT CONSIDERATION SUPPORTING OPTION.

Where a landowner's promise to an oil company to hold open her proposal to lease lands to it for a period of 25 days from the date of receipt of abstract by the company was not induced by the idea that the company might incur an expense in having her title examined, the $25 paid by the company to its attorney for such services was not valuable consideration supporting owner's option to lease.

Appeal from District Court, Comanche County.

Suit by Mrs. Bessie Dunn against the Texas Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Critz & Woodward, of Coleman, for appellant.

Callaway & Callaway, of Comanche, for appellee.

HIGGINS, J. The appellee, Mrs. Dunn, brought this suit against the appellant to cancel and set aside a mineral lease upon 232 acres of land in Callahan county. For a proper consideration of the appeal the substance of the material allegations of the pleadings only need be stated. Plaintiff in her petition alleged that on September 2, 1918, she agreed to lease the land to appellant for $4 per acre and to allow it 20 days from that date in which to examine an abstract of title to the land and pay the consideration; that she signed a lease in accordance with this agreement and drew a draft for the amount of the consideration in favor of herself; that on or about September 23d, appellant having failed to accept her title and pay the draft, she notified the bank through which the draft was drawn and the defendant that she would not consummate the deal and requested the return of the

lease; that the lease was not returned, and possession thereof was obtained by defendant, and the same placed of record. Defendant answered by general denial, and pleaded specially that the agreement by virtue of which the lease was delivered was in writing, dated August 20, 1918, and gave a 25-day option to defendant from September 5, 1918, the date the abstract of title was received by it, and within the 25-day limit the defendant paid the draft and accepted the lease.

By supplemental petition the plaintiff denied the execution of the written 25-day option pleaded by defendant, and that such option was without consideration and revocable and was revoked by her.

The evidence discloses the following facts:

The lease in question was signed and acknowledged by Mrs. Dunn. It was dated August 20, 1918, and recited a cash consideration of $928 paid by defendant. J. R. Putnam, a representative of defendant, drew a draft in the ordinary form in the sum of $928 in favor of Mrs. Dunn, upon the defendant at Cisco, Tex., dated August 20, 1918, which was indorsed by Mrs. Dunn. Contemporaneously with the signing of the lease Mrs. Dunn signed an instrument which is hereinafter referred to as the option. The same reads:

"8/20/1918. The Texas Company, Producing Department, Houston, Texas. Voucher No. ——— Bub. No. ——— To Mrs. Bessie Dunn, Comanche, Comanche County, Texas. Made by J. H. Putnam, Jr. Approved for payment, ———. In full payment of the cash consideration recited in that certain oil and mineral lease executed to the Texas Company on 8/20/1918, acknowledged on 8/20/1918, and covering and describing 2 tracts 62 acres and 170 acres in Comanche county, state of Texas. parish,

"The Texas Co. shall have 25 days to examine the abstract, the 25 days to start from the day abstract is delivered to their office at Cisco.

(JX191)

"Received ———, 191— $928.00 in full for above account.        Bessie Dunn."

On September 2d an agent of Mrs. Dunn delivered to the Comanche National Bank at Comanche, Tex., the draft, lease, and option, together with an abstract of title to the land. The Comanche Bank promptly sent the papers to its correspondent, the Cisco Banking Company, at Cisco, Tex., who received same on September 4th. The Cisco Bank delivered the abstract of title to the defendant on September 5th. On September 25th Mrs. Dunn wrote and mailed this letter:

"Comanche, Texas, Sept. 25, 1918.

"The Texas Co., Cisco, Texas—Gentlemen: I can't wait longer for my lease money and will kindly ask that return my lease and abstract on my two farms in Comanche county, Texas. I do not see proper to accept payment now. My contract or agreement was that I should have my money within 20 days and now I have waited longer. I have frequently asked if the money has been placed to my credit in First State Bank, this city, as per our agreement. I have definitely decided to cancel lease, and will please ask that you return my papers at once.

"Yours sincerely,     Mrs. Bessie Dunn."

This letter was received by defendant on September 26th. She also notified the Comanche bank of her revocation. On September 28th defendant paid the draft above mentioned, and the Cisco bank at once remitted the proceeds to the Comanche bank. The latter bank notified Mrs. Dunn of the receipt of the money, and she refused to accept the same. When the draft was paid by defendant, the Cisco bank delivered the lease to defendant, which by it was placed of record. Thereafter this suit was filed. A peremptory instruction in Mrs. Dunn's favor was given the jury. In accordance therewith verdict was returned and judgment rendered in her favor.

Opinion.

A number of assignments are presented, raising four propositions which are thus summarized by appellant:

"(1) The sufficiency of plaintiff's pleadings to present the issue of want of consideration for the written option introduced in evidence and relied upon by defendant.

"(2) The sufficiency of the testimony to raise an issue with reference to the want of consideration for said option, and to prove such want of consideration as a matter of law.

"(3) Assuming the foregoing propositions in favor of appellee's contention, the question as to whether or not the option given by appellee to appellant was actually revoked or was even attempted to be revoked by appellee.

"(4) Assuming the foregoing propositions in favor of appellee's contention, the further question as to whether or not said option was in any way acted upon by the defendant to its detriment before the alleged revocation thereof."

[1] Considering same in the order presented, there is no merit in the first contention. The defendant in its answer set up and relied upon a written option to lease whereby it was granted 25 days in which to accept the lease, dating from the receipt of abstracts of title, which were delivered on September 5th. While denying that she had executed such an instrument, Mrs. Dunn, in avoidance thereof, by supplemental petition pleaded, "The contract on which it was based had no consideration," and again, "and as for the contract and option for which they paid her nothing, it was wholly void, being without consideration and she had a right to make revocation at any time and her revocation terminated all rights between the parties."

In view of these plain allegations properly pleaded in a supplemental petition, there is no basis for the assumption that a want of consideration for the option was not presented by the pleadings.

[2] It is true the plea was not verified, but no point in that connection was made in the

lower court nor urged here. In the absence of timely exception in the court below to the failure to verify, it can avail appellant nothing. Ashcroft v. Stephens, 16 Tex. Civ. App. 341, 40 S. W. 1036; Railway Co. v. Jackson & Edwards, 86 S. W. 47; Railway Co. v. Wall, 165 S. W. 527; Townes on Pleading (1st Ed.) 299.

[3] The contention that there is no evidence to support the plea is also untenable in view of the positive testimony of Mrs. Dunn, twice repeated, that she was paid no money for the option, in which statement she is amply corroborated by all the facts and circumstances reflected by the record. The appellant argues that this evidence does not exclude the hypothesis that the Texas Company, aside from the payment of money, gave a valuable consideration for the option; that under article 7093, R. S., the contract imported a consideration, and the presumption of a valuable consideration for the option is not rebutted merely by evidence that Mrs. Dunn had received no money. The force of this argument is not apparent in view of the fact that the so-called option contract upon its face discloses that it was based upon a moneyed consideration, and when Mrs. Dunn by her testimony refuted the existence of the consideration thus stated in the instrument, she certainly raised the issue of a want of consideration. The effect of appellant's contention is that one impeaching the consideration of a written contract must not only disprove the existence of the recited consideration, but go further and disprove the existence of any other possible or conceivable consideration which would support the contract. No authority is cited in support of such a rule, and the mere statement of its effect demonstrates its unsoundness.

[4] As to the third question, the letter of Mrs. Dunn dated September 25th, and received by appellant the next day, constituted an absolute revocation. It is susceptible of no other construction. It is true that at the time of the letter she was laboring under the impression that she had made no written agreement as to the time within which appellant might pay the draft and accept the lease, and that her agreement was verbal and gave appellant only 20 days in which to accept, but the material matter was the fact of revocation, and not the ground upon which she conceived her right of revocation to be based.

[5] Under the fourth proposition appellant asserts that the option was supported by a valuable consideration because it had incurred an expense of $25 paid to its attorney for services in passing upon the abstract of title. The rule is invoked that a loss or detriment to the promisee is a sufficient consideration for a promise. The correctness of this rule is not to be doubted, but appellant misapprehends its scope and meaning.

The consideration is that which induces the promise. James v. Fulcrod, 5 Tex. 512, 55 Am. Dec. 743. It need not be beneficial to the promisor, but must be the inducing cause of the promise.

"On the one hand, the consideration must be the inducement to the making of the promise, and, on the other, it must be induced by the promisor's express or implied request." 6 R. C. L. 653, title "Contracts."

. Under the title of "Kinds of Consideration" in 1 Parsons on Conts. 431, it is said:

"For it is a perfectly well settled rule that, if a benefit accrued to him who makes the promise, or if any loss or disadvantage accrues to him to whom it is made, and accrues at the request or on the motion of the promisor, although without benefit to the promisor, in either case the consideration is sufficient to sustain assumpsit."

1 Addison on Contracts (Morgan's Ed.) 21, says:

"A consideration of loss or inconvenience sustained by one party at the request of another is as good a consideration in law for a promise by such other as a consideration of profit or convenience to himself. * * * Any trouble or labor, too, however slight, undertaken by the plaintiff at the request of the defendant, will support a promise by the latter, and render it binding, athough such labor may have been unsuccessful and productive of no benefit or advantage to the defendant."

[6] Tested by the authorities cited, it is clear that the rule invoked by appellant has no application. The promise of Mrs. Dunn to hold open her proposal to lease for a period of 25 days from the date of the receipt of the abstract by appellant was in no wise induced by the idea that appellant might incur an expense in having her title examined. Nor was appellant induced to incur the expense of an attorney's fee by any request, express or implied, of Mrs. Dunn's. The expense was incurred by appellant of its own motion and solely for its own benefit and protection. Notwithstanding the rule that the consideration need not inure to or be beneficial to the promisor, yet assuredly it does not apply when the promisee himself is the beneficiary. What has been said disposes of the four propositions advanced by appellant.

The proposal of Mrs. Dunn to lease her land was revocable at any time before acceptance by appellant, unless the so-called 25-day option was supported by a consideration. She did revoke before acceptance, and, since the option was without consideration, appellant acquired no right under the unauthorized delivery of the lease contract to it by the Cisco bank. Therefore judgment was properly rendered in her favor.

Affirmed.