FRANKFORT WATERWORKS COMPANY *v.* McBRIDE.

[No. 14,141.   Filed March 4, 1931.   Rehearing denied July 3, 1931.]

*Harker & Irwin,* for appellant.
*Paul E. Laymon,* for appellee.

LOCKYEAR, C. J.—Appellee filed a complaint against appellant in which it is alleged that appellant owns and operates a water-works system in the city of Frankfort, Indiana, and that, on February 11, 1929, appellee was the owner of a certain lot in said city, on which a house was located; that appellee was, and for a long time prior

thereto had been, a consumer of water from the appellant company through a pipe line, extending from a pipe in the street into appellee's said house and through which line water was furnished appellee's house; that, on said date, this appellee called appellant and requested said appellant to shut off the supply of water by turning its shutoff valve at the property line as the house would be vacated, and appellant then and there agreed, in consideration of the service which was furnished its consumers and in consideration of the payment of the money as aforesaid by this consumer, to immediately send its agents to the property of this appellee and cut off the supply of water at the property line; that this appellee believed that said appellant, pursuant to said agreement, would immediately cut off the supply of water, and thereupon vacated said premises and permitted the fire in the stove to go out; that said appellant failed to shut off the supply of water as agreed by it, and, by reason thereof, the pipes in the upstairs of the house became frozen and bursted; that, by reason of the failure of said appellant to perform the service which was then and there agreed to be performed by it, as aforesaid, this appellee has been damaged in the sum of $1,000, for which she prayed judgment.

Appellant filed an answer in three paragraphs: (1) general denial; (2) that the contract pleaded was without consideration; (3) that appellant had filed with the Public Service Commission its schedule of rates, rules and regulations in compliance with the orders of said commission, and that any contract pleaded in this action was subject to the rules and regulations and became and were a part thereof. Appellant, by said paragraph of answer alleged that appellee breached said contract, if any, by her failure to drain the pipe in her house and shut off the water. There was a trial by jury. There

was a verdict against the appellant for $275, for which amount judgment was rendered.

Appellant filed a motion for a new trial on the grounds that the verdict of the jury was not sustained by sufficient evidence, and was contrary to law. The court overruled said motion, and the action of the court in that behalf is assigned as error in this appeal.

The essential facts in this case are not in dispute. The appellant was notified to turn off the water, which the appellant attempted to do, but was unable to do so on account of the frozen condition of the ground in the street where the appellant's fixture is located for such purpose.

There was a valve inside the basement of appellee's house, where appellee could have turned off the water. The husband of the appellee went to the house, made an examination of the pipes, turned off a number of valves, turned off the water heater, but failed to turn off the main supply pipe from the street. The pipes froze, with the result alleged in the complaint.

Appellee's complaint is upon the theory that, on February 11, 1929, appellant and appellee entered into a contract, by the terms of which appellant agreed to turn off the water from appellee's property; that appellant failed to perform its part of the contract to appellee's damage. The facts of the case are: Appellee was a regular consumer of appellant company, and whatever contract existed between the parties was entered into long before February 11, 1929, and what that contract was is not before us. The contract sued upon and alleged to have been entered into on February 11, 1929, as above stated, lacks the important element of a consideration and it lacks mutuality. Appellant is the only one who is alleged to have promised to do anything, and since appellee must recover upon the contract sued upon, and not upon some other contract,

which is neither alleged nor proved, she must necessarily fail in this appeal.

Judgment reversed.