**CITY OF TYLER   v.   BRUCK et al.**

*No. 6694.*

Court of Civil Appeals of Texas.

Texarkana.

April 1, 1954.

Rehearing Denied April 22, 1954.

Troy Smith, Ted Chilcote, Tyler, for appellant.

Lassater, Spruiell, Lowry, Potter & Lassater, Tyler, for appellees.

FANNING, Justice.

Leonard Bruck and others were the owners of a residence in the City of Tyler, and certain personal property therein. The house was vacated. On January 2, 1951, Leonard Bruck requested the city to cut off the water. About January 23, 1951, Bruck discovered the water was still on at the premises and he talked by telephone to a lady at the City Water Department, advising her that the water was on, stating to her, "Maybe you better cut it off; might come a freeze and do damage * * * and suggest that the water be cut off;" and the lady advised that it would be attended to that day. Bruck did not check again to see whether the water had been cut off after his second call. He made no further investigation after the weather turned freezingly cold for several days. The City's meter box and cut-off was located near the sidewalk. There was also a cut-off and drain on appellees' property which was in good working condition, which Bruck could have used to cut off the water. However, he did not use this cut-off and relied upon the City's promise to cut off the water. On February 13, 1951, Bruck was advised that water was running in the house, and found that the house and certain items of personal property had been damaged by water.

Appellees' suit against the city for damages was tried before a jury. The jury in response to special issues found that it was customary for the City of Tyler to cut off water upon request; that on January 4, 1951, the City failed to tighten the meter valve sufficiently to prevent the flow of water through the meter in question; that on January 23, 1951, the water was on at the Bruck residence; that on January 23, Bruck notified the City that the water was on and requested the City to cut it off; that the City Water Department told Bruck that it would cut off the water; that the City failed to cut off the water at the Bruck residence between January 23, 1951, and February 12, 1951, and that such failure was negligence and a proximate cause of the flooding of such residence. The jury also

found that Bruck relied upon the City Water Department's statement and that the City's Water Department knew that Bruck would rely on such statement and had knowledge that water damage might occur if the City failed to cut off the water. The jury also answered special issues finding the amounts of damages. The jury also found that Leonard Bruck's failure to cut off the water to said residence was negligence and a proximate cause of the residence being flooded with water. Plaintiffs' motion for judgment, and to disregard the findings of the jury with respect to the contributory negligence of Bruck, was granted by the court, and judgment was entered by the court in favor of appellees for the amount of damages found by the jury. The City of Tyler has appealed from this judgment.

Appellant contends, among other things, that the trial court erred in setting aside the jury's verdict finding plaintiffs guilty of contributory negligence and in entering judgment for plaintiffs, and further that the trial court erred in entering judgment for plaintiffs on the theory of promissory estoppel.

In 31 C.J.S., Estoppel, § 102, p. 324, it is stated: "In no event can an estoppel arise in favor of one who has been guilty of *contributory negligence.* An estoppel resting wholly on equity cannot be used to shift a loss from one careless person to another when the loss could not have happened without the earlier negligence of plaintiff, and the later negligence of defendant at most only contributed to the result." (Emphasis ours.) In Coker v. Benjamin, Tex.Civ.App., 83 S.W.2d 373, at page 377, the rule is laid down that " 'equity will not relieve a person from his erroneous acts or omissions resulting from his own negligence.' " Also in the case of Patten v. Santa Fe Nat. Life Ins. Co., 47 N.M. 202, 138 P.2d 1019, 1023, it is stated, "One relying on an estoppel must have exercised such reasonable diligence as the circumstances of the case require. If he conducts himself with a careless indifference to means of information reasonably at hand or ignores

highly suspicious circumstances which should warn him of danger, he cannot invoke the doctrine of estoppel."

In the case of Mann Bros. v. City of Henderson, 154 Ky. 154, 156 S.W. 1063, it was held that where the water user's negligence concurred with that of the city in flooding his premises, no recovery could be had by the water user.

In 30 Tex.Jur., sec. 188, Municipal Corporations, p. 343, it is stated: "* * * the municipality is not estopped where it has never received any benefit under the contract," citing the case of Indiana Road Mach. Co. v. City of Sulphur Springs, Tex. Civ.App., 63 S.W. 908.

In Williston on Contracts, Revised Edition, sec. 139 at page 200, the author discusses the question of promissory estoppel relating to charitable subscriptions and promises between individuals for the payment of money, and says: "Opposed in principle to such decisions are those which have held that performance of a detrimental condition attached to a gratuitous promise is not a substitute for consideration, and does not make the promisor liable if he breaks his promise; and many other decisions which hold that a detriment incurred in reliance on a promise is not sufficient consideration unless the detriment was requested as consideration. 'The promise and the consideration must purport to be the motive each for the other, in whole or at least in part. It is not enough that the promise induces the detriment, or that the detriment induces the promise if the other half is wanting.' Promises of future action, it is generally held, if they can furnish the basis for an estoppel at all, can do so only where they relate to an intended abandonment of an existing right, and are made to influence others who in fact are induced thereby to act or to forbear * * *." Citing Prescott v. Jones, 69 N.H. 305, 41 A. 352; Wisconsin & M. R. Co. v. Powers, 191 U.S. 379, 24 S.Ct. 107, 48 L.Ed. 229.

In Texas Co. v. Dunn, Tex.Civ.App., 219 S.W. 300, it is held that for a promise to be

432

sufficient consideration, it must be induced by promisor's express or implied request, and that a promise to hold open an offer to lease land for twenty-five days by reason of which promise there was expended $25 for title work, was not a consideration for the reason that the expenditure was not induced by the promisor. In Porizky v. Olinger, Tex.Civ.App., 177 S.W.2d 995, at page 997, it is said: " 'For it is a perfectly well settled rule that, if a benefit accrued to him who makes the promise, or if any loss or disadvantage accrues to him to whom it is made, *and accrues at the request or on the motion of the promisor,* although without benefit to the promisor, in either case the consideration is sufficient to sustain assumpsit.' " (Emphasis ours.)

The case of Frankfort Waterworks Co. v. McBride, 92 Ind.App. 680, 175 N.E. 140, is in some respects similar to the case at bar. In the Frankfort case the company was notified to turn off the water which it did not do, and also as in the case at bar the water subscriber had a cut-off which he failed to completely cut off, and the water pipes froze with resulting water damage. The appellate court in reversing judgment for the water subscriber stated that the appellant was the only one who was alleged to have promised to do anything and that the alleged contract was lacking in consideration and in mutuality.

It is our opinion that the doctrine of promissory estoppel is not applicable to the facts of this case. See the following authorities: Mercantile Nat. Bank at Dallas v. McCullough Tool Co., Tex.Sup., 259 S.W.2d 724; Texas Co. v. Dunn, Tex.Civ.App., 219 S.W. 300; Porizky v. Olinger, supra.

It is our further opinion that this judgment cannot be sustained either in contract or estoppel, or upon any other theory.

The judgment of the trial court is reversed and judgment is rendered in favor of appellant.

Reversed and rendered.