## MISSOURI PACIFIC RAILROAD CO., Appellant,

v.

## The PHELAN COMPANY, Appellee.

### No. 7062.

Court of Civil Appeals of Texas.
Beaumont.
Sept. 4, 1969.
Rehearing Denied Sept. 25, 1969.

Strong, Pipkin, Nelson & Parker, Beaumont, Rex Watson, Dallas, for appellant.

Weller, Wheelus & Green, Beaumont, for appellee.

KEITH, Justice.

The railroad, hereinafter designated Mo-Pac, sued to recover the freight charges on five interstate shipments of animal feed delivered to Phelan, as consignee, by another carrier. The consignor delivered the feed to MoPac in Arkansas and the cars moved upon uniform domestic straight bills of lading which MoPac had marked "pre-

paid." All bills of lading received by Phelan at the time of delivery of each of the cars carried the notation that the freight had been paid by the consignor. In truth and in fact, the freight had not been paid; and, when the consignor took refuge in bankruptcy, MoPac, being unable to collect its freight charges in the bankruptcy proceedings, then sued Phelan therefor.

Phelan paid the invoices of the consignor in due course of business, without deducting.any sums for the freight charges. The invoices did not, we note, have any specific allocation of freight charges to the total sum due for the feed.

Under the applicable tariffs, the amount of the freight charges was $819.08, although over the objections of MoPac, Phelan introduced evidence of certain shortages amounting to $90.72. Our disposition of the case does not require further discussion of the shortage item.

MoPac sued in the form of a suit upon a sworn account under Rule 185, Tex.Rules Civ.Proc., and Phelan, through its attorney, denied the justness thereof under oath. Upon the trial, MoPac proved up the delivery of the cars by written interrogatories and Phelan's answers to requests served under Rule 169, T.R.C.P., as well as certain deposition testimony. The answer of Phelan, in addition to the sworn denial of the justness of the account, contained a general denial but no plea of estoppel.

At the conclusion of the evidence, the trial court overruled both motions for the peremptory instruction filed by the parties and submitted the case to the jury on a single special issue,[1] the relevancy and materiality of which we fail to comprehend. The verdict was accepted and filed with the judgment reciting that the "Court having found that *based upon said verdict,* the Plaintiff, Missouri Pacific Railroad Company, should recover nothing" from the defendant. The judgment was entered after the court had overruled MoPac's written motion not to accept the verdict since it was "not responsive" to the issue submitted, and MoPac's later motion to disregard the finding for want of sufficient evidence, etc. The timely motion for new trial brings the question to us for determination.

■ We do not enter the Serbonian bog or the legal quagmire resulting from the procedural tangle presented by this record for the simple reason that the uncontradicted evidence, shown by the answers of Phelan to the requests for admission, discloses the correct amount of the freight to be $819.08, which is owed by Phelan to MoPac.

Our attention has been called to the provisions of the Interstate Commerce Act (49 U.S.C.A. § 1 et seq.), and particularly § 6(7) thereof, forbidding discrimination between shippers. Further reliance is placed upon the Elkins Act, 49 U.S.C.A. § 41, but the suit is pitched upon the provisions of 49 U.S.C.A. § 41, as implemented by § 7 of the Uniform Bill of Lading. These statutory provisions are lengthy and their inclusion herein would extend this opinion unduly.

The provisions cited have been held valid and enforceable against consignees, such as Phelan in this case. Pittsburgh C. C. & St. L. R. Co. v. Fink, 250 U.S. 577, 40 S.Ct. 27, 63 L.Ed. 1151 (1919); Illinois Steel Co. v. Baltimore & Ohio R. Co., 320 U.S. 508, 64 S.Ct. 322, 88 L.Ed. 259 (1943). The provision was upheld in Houston & T. C. R. Co. v. Johnson, 41 S.W.2d 14, 83 A.L.R. 241 (Tex.Com.App., 1931), which has been cited with approval in Steele v. General Mills, 329 U.S. 433, 441, 67 S.Ct. 439, 91 L.Ed. 402, 408 (1946). The validity and applicability of the provisions requiring payment of the freight charges by the consignee, even under the circumstances here shown, is not open to attack.

---

1. "From a preponderance of the evidence, *if any,* what do you find to be the correct amount of the freight charges involved? Answer '$819.08' or '$728.36'."

To which, incredibly, the jury answered: "None." (All emphasis in this opinion has been supplied.)

We well recognize the apparent hardship on the consignee where the carrier, by its own act in stamping the freight bill "prepaid" has caused the consignee to pay the consignor for the merchandise *and* the freight only to be called upon by the carrier to pay the freight again. It was held, and properly so, in *Johnson,* supra, that "an estoppel does not arise in such a case." (41 S.W.2d at p. 16.)

In a case having remarkable factual similarity to that at the bar, Missouri Pacific Railroad Co. v. National Milling Co. 276 F.Supp. 367 (DCNJ 1967), affirmed 409 F.2d 882 (3rd Cir., 1969), the defense of estoppel was permitted and judgment went for the consignee. All of the arguments advanced by Phelan are set forth with considerable eloquence in *National Milling,* and it is to be admitted that some of the argument is quite appealing and persuasive. We are not quite as free to ignore the precedents of our own courts as perhaps are our brethren in the federal judiciary. The teachings of *Johnson,* until overruled by our own Supreme Court, must guide our decision.

But, even if we were persuaded to follow *National Milling* and turn our backs upon *Johnson,* Phelan could not prevail for the reason that estoppel was not pleaded in its answer. It is one of the defenses specifically mentioned in Rule 94, T.R.C.P., requiring an affirmative defense to be specially pleaded. Concord Oil Co. v. Alco Oil and Gas Corp., 387 S.W.2d 635, 639 (Tex.Sup., 1965). Furthermore, Phelan did not request any issue on estoppel, for which additional reason such defense was waived. Rule 279, T.R.C.P.; Glens Falls Insurance Co. v. Peters, 386 S.W.2d 529, 531 (Tex. Sup., 1965).

Under the undisputed evidence and the rule of law which we are required to follow here, the trial court should have instructed the jury to return a verdict for MoPac and should have entered judgment for MoPac against Phelan for the sum of $819.08, together with legal interest and costs of court. We now render the judgment which the trial court should have rendered.

Reversed and rendered.