**TEX–WOOD OVERHEAD DOOR COMPANY, INC., Appellant,**

v.

**SOUTHERN PACIFIC TRANSPORTATION CO., Appellee.**

**No. 5353.**

Court of Civil Appeals of Texas, Waco.

Aug. 8, 1974.

F. Peter Herff, II, San Antonio, for appellant.

Moursund, Ball & Young, Inc., (Ronald S. Schmidt), San Antonio, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Tex-Wood from judgment for plaintiff Southern Pacific for $804.

Plaintiff sued defendant for transportation costs for goods plaintiff delivered to defendant, which were shipped to defendant "collect" by a firm in California.

Trial was before the court without a jury, which rendered judgment for plaintiff for $804.

Defendant appeals on 2 points contending:

1) The trial court erred in granting plaintiff judgment when plaintiff delivered property to defendant and made no demand for payment of charges due at time of delivery.

2) The trial court erred in not following Federal Court decisions interpreting Title 49 U.S.C.A., Sec. 3, where plaintiff based its claim on federal regulations.

The trial court filed Findings of Fact and Conclusions of Law summarized as follows:

### Findings of Fact

1) Plaintiff is a common carrier transporting goods for hire.

2) On March 12, 1969 a California firm named Baker, Aldor, Jones, Inc., contracted with plaintiff to move specified freight to defendant.

3) The Bill of Lading under which the shipment moved from California to defendant in San Antonio, Texas, was marked "collect".

4) On March 17, 1969 plaintiff delivered the freight to defendant.

5) Defendant was on a credit list with plaintiff at the time of delivery.

6) No demand for payment was made at the time the freight was delivered, but defendant was billed by plaintiff in regular course of business.

7) The freight charges were according to applicable tariffs in effect at time of shipment.

8) Defendant has ·not paid plaintiff the freight charges.

9) The freight charges on the shipment total $804.

### Conclusions of Law

1) Defendant is presumed to know the provisions of U.S.Code Title 49 Section 3(2).

2) Defendant as consignee who accepted goods under a Bill of Lading marked "collect" is liable to plaintiff for the $804 freight charges.

3) Plaintiff was not required to demand payment at time of delivery.

4) Plaintiff is not estopped to collect the freight charges from defendant.

5) Plaintiff is entitled to judgment against defendant for $804.

Defendant does not complain of the Findings of Fact made by the trial court.

U.S.C.A. Title 49 Section 3(2) provides that no carrier shall deliver freight transported by it until all charges have been paid, *"Provided, That the provisions of this paragraph shall not" prohibit any carrier from extending credit on freight shipments.*

Defendant admitted it ordered the goods shipped to it; that it received such goods; that the goods were worth the money charged therefor. The goods were shipped to defendant "collect". Defendant was on plaintiff's credit list. Plaintiff delivered the goods to defendant without first collecting the transportation charges, but demanded payment later.

A consignee who accepts goods shipped to it collect thereby implicitly agrees to pay the freight charges relating to that shipment, and becomes liable therefor, whether such are demanded at the time of delivery, or not until later. Louisville & N. R. Co. v. Central Iron & Coal Co., 265 U.S. 59, 44 S.Ct. 441, 68 L.Ed. 900; Houston & T. C. R. Co. v. Johnson, Comm.Appls., 41 S.W.2d 14. Missouri Pacific Ry. Co. v. Phelan Company, Tex.Civ.App., W/E Dismissed, 444 S.W.2d 832.

The judgment is correct. Defendant's points are overruled.

Affirmed.