MELVIN, Judge.
The trial court dismissed with prejudice appellants’ complaint seeking recovery from the city for property damage which occurred in their Tallahassee residence after the city failed, in spite of two requests by appellants, to terminate its water service to the house. The facts revealed by the complaint were that appellants had entered into a utility service contract with the city in 1973, commencing with payment of a security deposit and continuing with payment of the monthly bills as they became due. In October, 1976, appellants, who were moving, requested the city to terminate all utility service to their house. They received a final bill in November at their new residence indicating that service had been terminated. They paid this bill. In December, they returned to the house and discovered that water was still being furnished to it. They called the city and again requested that water service to the residence be terminated and that the faucets be left open. In January, 1977, they returned to the house and discovered broken water pipes and water leakage throughout.
Appellants alleged in their complaint against the city that the property damage in the house had been caused by “willful negligence and breach of contract in failing *1187 to turn off the water as requested . . The trial court dismissed the complaint with prejudice, finding that “the better expression of the law” was a 1931 Indiana case, Frankfort Waterworks Co. v. McBride, 92 Ind.App. 680, 175 N.E. 140 (1931), which held that a cause of action based upon a contract to “turn off the water” was insufficient because it “lacks the important element of a consideration and it lacks mutuality.” We find that the complaint states a cause of action and reverse.
The contract sued upon was not only the contract to turn off water, but was rather the larger contract between the parties by which they implicitly agreed that in exchange for the appellants’ security deposit, monthly payments, and final payment, the city would furnish, and terminate, service at the times requested by appellants. This contract had all necessary requisites of mutuality and consideration. Moreover, the city represented to the appellants in the final bill that water service had been terminated. It represented again that service would be terminated when appellants called the second time. Appellants allegedly relied on these representations to their detriment, and the damage which occurred was directly traceable to the city’s failure to do what it said it would do. We find that a cause of action was stated in contract and in negligence.
The order of dismissal is REVERSED and the case REMANDED for trial.
MILLS, Acting C. J., and ERVIN, J., concur.