**BRODRICK MOVING & STORAGE COMPANY, et al., Appellants,**

v.

**Barbara M. MOORER, et al., Appellees.**

**No. 09–82–106 CV.**

Court of Appeals of Texas, Beaumont.

Nov. 28, 1984.

Rehearing Denied Dec. 17, 1984.

John H. Benckenstein, Beaumont, for appellants.

Jon Burmeister, Nederland, Gerald Riedmueller, Beaumont, for appellees.

## OPINION

McNICHOLAS, Justice.

Dennis Brodrick and Alberta Brodrick, Individually, and d/b/a Brodrick Moving & Storage Company, defendants below, herein called "Brodrick", bring this appeal as a result of a judgment entered in favor of Barbara M. Moorer and Patricia Maloney, plaintiffs below, herein called "Moorer" and "Maloney", respectively. Allied Van Lines, herein called "Allied", and Eighmie Moving & Storage Company, herein called "Eighmie", were named defendants in the lower court, but are not parties to this appeal.

Moorer and Maloney, as plaintiffs, brought suit against Allied, Eighmie and Brodrick, as defendants, for damages to their household goods caused by a fire in Brodrick's warehouse in Port Arthur, Texas.

Moorer selected Allied to move her furniture from Poughkeepsie, New York to Port Arthur, Texas because Allied had storage facilities in Port Arthur, which was Brodrick, and engaged Eighmie, also an Allied agent, to transport her goods to Port Arthur. Maloney engaged an Allied agent in Temple, Texas to move her goods to Port Arthur where said goods were stored in Brodrick's warehouse, the local agent for Allied.

In Moorer's bill of lading, she valued her goods at $16,500.00 which she admits was correct and signed by her. The declared valuation of Maloney's furniture was $5,000.00.

The jury exonerated Allied and Eighmie of all acts of negligence, but found that Brodrick was negligent. However, in answer to special issue no. 20, the jury found "that by representing to Allied and its agents that her goods did not exceed $16,-500.00 in value, Mrs. Moorer is now estopped to claim a higher sum as the true value of the shipment"; and, in answer to special issue no. 21, the jury found Maloney was likewise estopped from claiming more than $5,000.00 for the value of her goods.

The trial court, after disregarding the findings of the jury to special issues nos. 20 and 21, rendered judgment, based on the jury's verdict, that Moorer recover $40,-000.00 against Brodrick, that Maloney recover of Brodrick $12,500.00, that Moorer and Maloney recover nothing of Allied and Eighmie, that Brodrick recover of Allied $21,500.00, that Moorer and Maloney recover their costs against Brodrick, and that Brodrick recover its costs against Allied.

Brodrick's first two points of error are that the trial court erred (1) in disregarding the jury's findings of special issues nos. 20 and 21 and (2) in rendering judgment against Brodrick in favor of Moorer in the amount of $40,000.00 and in favor of Maloney in the amount of $12,500.00, because "the released valuation of $16,500.00 and $5,000.00 continues although the transpor-

tation is completed and the goods are held strictly as a warehouseman."

The first issue confronting us is whether the finding of negligence on the part of Brodrick precludes the entry of a judgment favorable to Moorer and Maloney in view of the jury's finding of estoppel. Estoppel is one of the defenses specifically mentioned in *TEX.R.CIV.P. 94* which requires an affirmative defense to be specially pleaded.

A careful examination of Brodrick's pleadings fail to disclose that estoppel was pleaded, only that of contributory negligence, and since Brodrick requested no issue on estoppel, such defense may well have been waived. *Missouri Pacific Railroad Co. v. Phelan Company*, 444 S.W.2d 832 (Tex.Civ.App.—Beaumont 1969, writ dism'd); *TEX.R.CIV.P. 272*. However, because the jury found the defense of estoppel applicable to Allied and Eighmie, as well as their "agents", and further found that Brodrick was an agent of Allied, Brodrick may well argue that a specific affirmative pleading of estoppel on Brodrick's part was not necessary. Although we do not believe that Brodrick is entitled to the coattail effect of Allied's apparent affirmative pleadings, *Bowling v. City of El Paso*, 525 S.W.2d 539 (Tex.Civ.App.—El Paso 1975) *writ ref'd n.r.e. per curium* 529 S.W.2d 509 (Tex.1975), which pleadings we do not have in the record before us, we find it unnecessary to pass directly on this point because the findings of negligence on the part of Brodrick overcomes any affirmative defense of estoppel.

One may not predicate an estoppel in his favor to shield himself from his own act or negligence, nor will equity relieve a person from his erroneous acts or omissions resulting from his own negligence. *Adams Express Company v. Croninger*, 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1913); *El Paso National Bank v. Southwest Numismatic Investment Group, Ltd.*, 548 S.W.2d 942 (Tex.Civ.App. —El Paso 1977, no writ); *City of Tyler v. Bruck*, 267 S.W.2d 429 (Tex.Civ.App.—Texarkana 1954, writ ref'd n.r.e.); *Coker v. Benjamin*, 83 S.W.2d 373 (Tex.Civ.App.— Beaumont 1935, no writ). Because the recovery was based upon the jury's finding of negligence, the limitation of liability relied on by Brodrick is not applicable, and the trial court properly disregarded the jury's findings to special issues nos. 20 and 21 with respect to Brodrick. Appellants first two points of error are overruled.

Brodrick's third and fourth points of error are that there is no evidence to support the findings of negligence and that the finding of negligence in one or more respects was against the great and overwhelming weight of the evidence so as to be clearly wrong and unjust.

The negligence issue, set out in the margin, which was submitted to the jury without objection, permitted the jury to find from a preponderance of the evidence that Brodrick was negligent in any of eight different acts. The jury, in its answer, was not required to specify the particular act relied upon in its finding.[1] The jury also

---

1. "In connection with Special Issue No. 4, you are instructed that you may consider the following allegations of negligence, and none other:

   1. In failing to maintain its warehouse in a manner to keep the safekeeping of the Plaintiffs' property as a reasonably careful man would;

   2. In maintaining its warehouse in an extremely overcrowded condition;

   3. In failing to store items in its warehouse in a orderly and safe manner;

   4. In failing to equip its warehouse with effective smoke and fire detecters [sic];

   5. In failing to take ordinary and normal precautions to keep the safekeeping of the Plaintiffs' property as a reasonably careful man would;

   6. In failing to have proper and sufficient storage facilities for the amount of property stored;

   7. In failing to have adequate storage in that the Defendant, BRODRICK MOVING & STORAGE CO., did not have sprinkler systems, fire alarms, night watchmen, or adequate room in the aisles and the items were packed too high, whereby, if a fire started, the entire contents of the building would burn rather than just a small area;

   8. In failing to mitigate the damages by having inadequate cleanup crews.

           SPECIAL ISSUE NO. 4

found in special issue no. 12 that Brodrick failed to exercise such care as a reasonably careful man would exercise in failing to arrest the fire.

■ There is no question that Brodrick did not have smoke or sprinkler systems installed in his warehouse and that Brodrick did not have a night watchman. Thus, we cannot say that there was no evidence to support the jury's findings or that said findings were against the overwhelming weight of the evidence as to be clearly wrong and unjust.

■ The jury as fact finders were free to believe that any one failure on the part of the defendant constituted negligence and it is not for this court to substitute its findings for those of the trier of the facts. *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792 (1951). *See also Jones v. Tarrant Utility Company,* 638 S.W.2d 862 (Tex. 1982); *Carrasco v. Goatcher,* 623 S.W.2d 769 (Tex.Civ.App.—El Paso 1981, no writ); *Upper Valley Aviation, Inc. v. Fryer,* 392 S.W.2d 737 (Tex.Civ.App. Corpus Christi 1965, writ ref'd n.r.e.).

■ Upon the showing that the goods were lost by fire, the burden of proof rested on Moorer and Maloney to prove negligence and proximate cause on the part of Brodrick, *D & D Associates, Inc. v. Sierra Plastics, Inc.,* 570 S.W.2d 205 (Tex.Civ. App.—Waco 1978, no writ), which burden was met. Points of error three and four are overruled.

Brodrick's fifth point of error complains of the jury's award of damages and the finding that Brodrick should recover of Allied, on Brodrick's cross-action, citing *TEX. REV.CIV.STAT.ANN. art. 2212(a)* (Vernon Supp.1984).

■ We overrule this point of error because in perfecting its appeal, Brodrick named only Moorer and Maloney as obli-

Do you find from a preponderance of the evidence that the Defendant, BRODRICK MOVING & STORAGE CO., was negligent in any of the respects as contended by the Plaintiffs, which was a proximate cause of the Plaintiffs' damages, if any?

gees in its cost bond, named only Moorer and Maloney as appellees in its appeal and in its brief stated the only parties to the appeal were Brodrick, as appellant, and Moorer and Maloney, as appellees. Thus, the judgment as to Allied and Eighmie is final. *Speckels v. Kneip,* 170 S.W.2d 255 (Tex.Civ.App.—El Paso 1942, writ ref'd); *Miller v. Dunagan,* 123 S.W.2d 363 (Tex. Civ.App.—El Paso 1938, writ dism'd). Brodrick's failure to perfect its appeal as to Allied and Eighmie leaves this court without jurisdiction to alter any portion of the judgment as to Allied or Eighmie.

■ Moorer and Maloney's cross-point with respect to the claim for prejudgment interest is overruled; the damages not being established as of a definite time and amount. *Black Lake Pipe Line Company v. Union Construction Company, Inc.,* 538 S.W.2d 80 (Tex.1976).

The judgment is affirmed.

AFFIRMED.

BROOKSHIRE, J., not participating.

ANSWER:
"We do" /s/ H.D. Mimms
"We do not" _____